ALLETTA M. HEGEMAN ET AL. v. THE CITY OF PASSAIC.

1.  The charter of the city of Passaic gives authority to the city council to correct a report of an assessment for benefits made by commissioners and to ratify the same, or to return such report to the commissioners, and prescribes that like proceedings shall be had when the report is returned as in the first instance. *Held*, that after a first report has been returned to the commissioners and a second report has been sent by them to the city council, that body has power to return the second report, and the commissioners are then required to proceed in precisely the same manner as in making up their first report; and that, if the commissioners to whom a second report has been returned send the same report back to the city council without having taken the prescribed proceedings, that body has no power to ratify it.

2.  *Hegeman* v. *Passaic*, 22 *Vroom* 109, overruled in this respect.

Writ of error to the Supreme Court removing a judgment affirming an assessment on prosecutors' lands made by the city of Passaic. For opinion of Supreme Court, *vide ante,* *p.* 109.

For the plaintiffs in error, *Thomas M. Moore.*

For the defendant in error, *George P. Rust.*

The opinion of the court was delivered by

MAGIE, J. By the charter of the city of Passaic (*Pamph. L.* 1873, *p.* 511) provision is made for imposing an assessment on the owners of lands benefited by any city improvement. This imposition is to be made by commissioners, who, after giving a prescribed notice to parties interested and affording them an opportunity to be heard, are required to report an assessment to the city council. That body is authorized by the provisions of section 71 to correct such a report and assessment, if they deem proper, and to ratify the same, or they may return the same to the commissioners, and it is prescribed in that section that " like proceedings shall be had when the report is returned as in the first instance."

In the matter brought before us by this writ it appears that commissioners made an original report and assessment of that nature for an improvement in extending a street in that city. The city council returned that report, and the commissioners made and sent to the council a new or second report. That report was referred to a committee, and, on its recommendation, the council passed a resolution returning it to the commissioners. They, without giving notice to parties interested or affording them any opportunity to be heard, sent back the same report, with reasons for declining to act thereon. Thereupon the city council, by resolution, confirmed that report.

The charter of the city was construed by the court below only to give authority to the city council to return to the commissioners their original or first report. It was expressly de-

cided that no authority existed in the council to return a second report. . The return of the second report in this case was pronounced irregular, and the ratification of it by council, notwithstanding its return, was held to be valid.

The argument before us was mainly addressed to questioning the decision below in that respect.

The construction thus put on the charter cannot, in my judgment, be sustained. When the statute declares that, upon a report being returned to the commissioners, the same proceedings shall be had as in the first instance, it is plainly intended to authorize and .direct the officials concerned to do all acts requisite under the terms of the charter to make and validate an assessment. Thus, under this clause, the commissioners must proceed to make up another report, in the same mode as to notice, hearing, &c., as if the matter had for the first time been referred to them, and to transmit to the city council the report so made up. When a second report has thus come before the city council, it will be of no avail unless that body has authority to act upon it. The authority conferred by section 71 as to the first report was two fold and alternative, *i. e.* either to ratify or to return it. That power was exhausted when that report was returned. No power to act upon a second report can be discovered unless it is conferred by the direction of this clause, that like proceedings are to be had in such a case as in the first instance. The clause is as applicable to the proceedings of the city council as it is to those of ·the commissioners, and it must be so applied. Therefore it directs and authorizes that body to act on the new report in the same manner it could have acted upon the original report. Since council had power either to ratify or to return the first report, it is by this clause endowed with precisely similar power as to the second report.

It was urged that this construction involves an unlimited authority in the city council to return to the commissioners assessment after assessment, and that such authority is inconsistent with the legislative scheme. But such inconsistency does not appear, for the act plainly contemplates a control of

the reports of such commissioners by the city council. At all events, the language of this act is so plain that the argument *ab inconvenienti* has no place.

The result is, that the city council had power to return the second report to the commissioners, and, on its return, it was the duty of the commissioners to proceed in the manner directed by the charter. Their action in sending back the same report, without taking such proceedings, did not place before the council any report or assessment which that body had authority to ratify. As to that report the council had exhausted its power when it had returned it to the commissioners.

The other objections to the assessment were correctly dealt with in the court below, but, for the error above indicated, the judgment under review must be reversed.

The writs of error in the cases of *Church et al.* v. *Passaic* and *The Speer Wine Co.* v. *Passaic* present the same question, and the same conclusion has been reached in them.

*For affirmance*—None.

*For reversal*—The Chief Justice, Depue, Dixon, Garrison, Magie, Van Syckel, Brown, Clement, Cole, McGregor, Smith, Whitaker. 12.